UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BRIAN MARCUS )
        Plaintiff, )
v. ) No. 1:16-cv-4787
 )
 ) Judge James B. Zagel
Correctional Officer Virgin, individually, ) Magistrate Sidney I. Shenkier
Correctional Officer Gonzalez, individually, )
Correctional Officer Hill, individually, )
Correctional Officer Akers, individually, )
Dr. Concetta Mennella, individually, )
Dr. Ali, individually, )
 )
        Defendants. )

## SECONDED AMENDED COMPLAINT

NOW COMES the plaintiff, Brian Marcus, by his Attorney, William B. Spiro, Law Office of William B. Spiro, L.L.C., and complaining against the defendants, Correctional Officers Virgin, Gonzalez, Hill, and Akers, all individually, and Dr. Concetta Mennella, and Dr. Ali, both individually, states as follows:

### INTRODUCTION

1. This civil rights action seeks compensatory and punitive damages arising out of the failure to protect and the failure to provide medical treatment to plaintiff, Brian Marcus, while he was a detainee in the custody of the Cook County Department of Corrections facility at 2700 S. California in Chicago, Illinois.

### JURISDICTION AND VENUE

2. This case arises under 42 U.S.C. Section 1983 and the Due Process Clause of the Constitution of the United States. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. Section 1331.

1

3. Venue is proper in this District pursuant to 28 U.S.C. 1391 (b) in that the unlawful actions alleged herein occurred in the Northern District of Illinois.

## PARTIES

4. At all relevant times, plaintiff Brian Marcus has been and currently is a detainee at the Cook County Department of Corrections in Chicago, Illinois.

5. At all relevant times herein, the defendants Virgin, Gonzalez, Hill, and Akers (first names not currently known) were Cook County correctional officers who were assigned to the Cook County jail located at 2700 S. California in Chicago (the "Jail"). At all relevant times herein, defendant Dr. Ali (first name not currently known) was a physician providing medical care to detainees at the Jail for Cermak Health Services of Cook County. At all relevant times herein, defendant Concetta Mennella was a physician working in a supervisory capacity for Cermak Health Services at the Jail.

## FACTUAL BACKGROUND

6. On January 13, 2015 and prior thereto, the plaintiff was a detainee being held in Division 8, 4-B of the Jail.

7. For approximately two weeks prior to said date, the plaintiff was verbally threatened and harassed by another detainee, Edward Pugh, who was assigned a bunk next to the bunk assigned to the plaintiff. During that approximately two week period, Pugh repeatedly threatened to stab and kill the plaintiff.

8. During that approximate two week period prior to January 13, 2015, the plaintiff complained to defendants Virgin, Gonzalez, and Hill that Pugh was threatening to kill him.

9. During the that approximately two week period, Pugh repeatedly exhibited

volatile and dangerous behavior which was open and obvious to defendants Virgin, Gonzales, and Hill. These defendants did not take any action whatsoever to protect plaintiff from Pugh.

10. On January 13, 2015, without provocation on the part of the plaintiff, Pugh threw all items belonging to plaintiff off of the desk assigned to plaintiff. Thereafter, Pugh stood in front of plaintiff and began choking him. Plaintiff yelled for Pugh to stop and was able to free himself from Pugh's hold. Pugh then choked plaintiff from behind and twisted and yanked plaintiff's body, and thereby plaintiff was rendered temporarily unconscious.

11. During the time of the events alleged in paragraph 10 above, defendant Akers was stationed approximately forty feet from the plaintiff and Pugh, and defendant Akers observed the entire series of events. Throughout the entire time, defendant Akers did not move from his location and did nothing to come to the aid of and protect the plaintiff.

12. As a proximate result of the attack by Pugh, the plaintiff sustained serious injuries to his neck and lower back.

13. Sometime after January 13, 2015, the plaintiff was seen by defendant Dr. Ali, who failed to provide any medical treatment for the plaintiff's injuries, including the failure to diagnose plaintiff's condition, and to refer the plaintiff for proper diagnostic testing treatment, including an MRI, and proper treatment, including physical therapy.

14. As a proximate result of defendant Dr. Ali's failure to provide medical treatment and refer the plaintiff for proper diagnostic testing and treatment, the plaintiff's neck and back injuries have worsened, and he has experienced intense pain and stiffness as well as limitation of range of motion.

15. Defendant Dr. Mennella, as a supervisory physician at the Jail, failed to ensure that plaintiff received proper medical care and treatment, including proper diagnostic testing and physical therapy.

## COUNT I (Failure to Protect Plaintiff)

16. Plaintiff re-alleges and restates the allegations contained in paragraphs 4 Through 15 as and for the allegations contained in this paragraph 16.

17. Defendants Virgin, Gonzalez, and Hill were aware of and were deliberately indifferent to the substantial risk posed by Pugh to the health and safety of plaintiff.

18. Defendants Virgin, Gonzalez, and Hill failed to take any steps to protect the plaintiff from Pugh such as moving plaintiff to a different wing,

19. Defendant Akers was aware of and was deliberately indifferent to the substantial risk posed by Pugh to the health and safety of plaintiff.

20. On January 13, 2015, despite observing that Pugh was exhibiting threatening behavior towards the plaintiff, defendant Akers did not take any action whatsoever to intervene and protect plaintiff from Pugh.

21. As all times mentioned herein, defendants Virgin, Gonzalez, Hill, and Akers were acting under color of law.

As a proximate result of the failure of defendants Virgin, Gonzalez, Hill, and Akers to protect the plaintiff from Pugh, the plaintiff suffered serious injuries to his neck and back, and has thereby experienced and still experiences extreme pain, discomfort, and loss of range of motion.

WHEREFORE, plaintiff, Brian Marcus, requests entry of judgment in his favor and against defendants Virgin, Gonzalez, Hill, and Akers as follows:

A.  For compensatory damages in an amount to be determined at trial;

B.  For punitive damages against the individual defendants in an amount to be determined at trial;

C.  For costs of this suit and reasonable attorney's fees; and

D.  For such further relief as this Court may deem just, proper, and appropriate.

### COUNT II (Failure to Provide Medical Care to Plaintiff)

22. Plaintiff re-alleges and restates the allegations contained in paragraphs 4 through 15 as and for the allegations contained in this paragraph 22.

23. As a result of injuries suffered plaintiff during the attack by Pugh on January 13, 2015, plaintiff had and still has serious medical needs.

24. Defendant Dr. Ali was deliberately indifferent to plaintiff's serious medical needs.

25. As a result of the failure of Dr. Ali to provide medical treatment to plaintiff and to refer him for proper diagnostic testing, including an MRI, and medical treatment, including physical therapy, plaintiff's injuries became aggravated and more severe.

26.  Defendant Dr. Mennella knew that plaintiff had serious medical needs.

27.  Defendant Dr. Mennella was deliberately indifferent to plaintiff's serious medical needs and failed to ensure that plaintiff receive proper diagnostic testing and medical treatment.

28. As a result of the failure of Dr. Ali to ensure that plaintiff received proper diagnostic testing, including an MRI, and medical treatment, including physical therapy, plaintiff injuries became aggravated and more severe.

5

29. At all times mentioned herein, the defendants Ali and Mannella were acting under color of law.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff, Brian Marcus, requests entry of judgment in his favor and against defendants Dr. Ali and Dr. Mennella as follows:

A.  For compensatory damages in an amount to be determined at trial;

B.  For punitive damages against the individual defendants in an amount to be determined at trial;

C.  For costs of this suit and reasonable attorney's fees; and

D.  For such further relief as this Court may deem just, proper, and appropriate.

Date:

        Respectfully submitted,

        /s/ William B. Spiro
        Attorney for Plaintiff

William B. Spiro
Law Office of William B. Spiro, L.L.C.
707 Skokie Blvd., Suite 600
Northbrook, IL  60062
(847) 291-4350
wbs@spirolaw.net